GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

WALTER C. DAVISON    4909-0
   wdavison@goodsill.com
LINDALEE K. FARM    4514-0
   lfarm@goodsill.com
BRIAN P. SHEEHY    8766-0
   bsheehy@goodsill.com
1099 Alakea Street, Suite 1800
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Special Counsel to the Chapter 11 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LOTS WAKO, INC., a Hawaii corporation,<br><br>      Debtor. | CASE NO. 07-00741 RJF<br>(Chapter 11)<br><br>DECLARATION OF THOMAS T. UENO ON BEHALF OF THOMAS T. UENO, CPA IN SUPPORT OF CHAPTER 11 TRUSTEE'S APPLICATION TO AUTHORIZE TRUSTEE'S SPECIAL COUNSEL TO RETAIN THOMAS T. UENO, CPA AS ACCOUNTING CONSULTANT<br><br>Judge: The Honorable Robert J. Faris |

2595042.1

# DECLARATION OF THOMAS T. UENO ON BEHALF OF THOMS T. UENO, CPA IN SUPPORT OF CHAPTER 11 TRUSTEE'S APPLICATION TO AUTHORIZE TRUSTEE'S SPECIAL COUNSEL TO RETAIN THOMAS T. UENO, CPA AS ACCOUNTING CONSULTANT

1. I am the principal of THOMAS T. UENO, CPA (the "Ueno Firm"), the firm that Counsel for Wendell F. Brooks, Jr., the duly appointed Chapter 11 Trustee herein ("Trustee"), wishes to retain to assist the estate in analyzing and possibly litigating claims against and by the estate.

2. I am familiar with the matters set forth herein and make this declaration in support of the *Trustee's Application To Authorize Trustee's Counsel To Retain Thomas T. Ueno, CPA As Accounting Consultant* (the "Application").

3. In support of the Application, I disclose the following:

a. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

b. In preparing this Declaration, I reviewed the list of all of the creditors of the Debtor as reported in the Debtor's schedules and in the Proofs of Claim filed to date. I compared the information on such list with the information contained in my firm's client and adverse party conflict check system. The facts stated in this Declaration as to the relationship between my firm and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined

2

U.S. Bankruptcy Court - Hawaii   #07-00741   Dkt # 463   Filed 08/10/09   Page 2 of 5

as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of our firm's conflict check index system. Specifically, I have caused to be conducted a computer search of my firm's records in respect of all of the names referred to in the first sentence of this paragraph. Based upon this search, my firm does not represent any entity in a matter that would constitute a conflict of interest or impair the disinterestedness of the Ueno Firm.

4. A search of my firm's conflicts check system revealed no matters, which in my view impairs my or our firm's disinterestedness or constitutes any conflict of interest.

5. I do not believe that any of the relationships described in this declaration creates a conflict of interest or violates the requirement that counsel be disinterested.

6. Except for the matters set forth above, I have no relationship to or connection with the parties in interest in this case of which I am aware.

7. Based upon and subject to the foregoing, I believe that I am disinterested within the meaning of Bankruptcy Code § 101(14).

8. There is no agreement of any nature that shares any compensation to be paid to the firm. No promises have been received by the Ueno Firm nor any member, or associate thereof, as to the compensation in connection

with this case other than in accordance with the provisions of the Bankruptcy Code.

9. The Ueno Firm does not hold a direct equity interest in the Debtor, including stock or stock warrants, or have a right to acquire such an interest.

10. I am not and have never served as an officer, director or employee of the Debtor within the two years before the Petition Date.

11. Neither the Ueno Firm nor I am in control of the Debtor or am a relative of a general partner, director, officer or person in control of the Debtor.

12. I am not a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

13. I am not and have never served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

14. I do not have any other interest, direct or indirect, that may be affected by the proposed engagement.

15. Except as set forth herein, I have never had or presently have any material connection with the captioned Debtor, the Debtor's creditors, any other party in interest or its respective attorneys and accountants, the United States

4

Trustee, or any person employed in the Office of the United States Trustee, on any matter in which the firm is to be engaged, except that I: (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to these cases.

### 28 U.S.C. § 1746 DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, _August 8_, 2009.

_____
**THOMAS T. UENO**

5

U.S. Bankruptcy Court - Hawaii   #07-00741   Dkt # 463   Filed  08/10/09   Page 5 of 5