GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

WALTER C. DAVISON      4909-0
    wdavison@goodsill.com
ROBERT K. FRICKE      7872-0
    rfricke@goodsill.com
JESSICA M. MICKELSEN     8944-0
    jmickelsen@goodsill.com
1099 Alakea Street, Suite 1800
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Special Counsel to the Chapter 11 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LOTS WAKO, INC., a Hawaii corporation,<br><br>          Debtor. | CASE NO. 07-00741 RJF<br>(Chapter 11)<br><br><u>Hearing</u>:<br>Date: January 19, 2010<br>Time: 9:30 a.m.<br>Judge: The Honorable Robert J. Faris |

2656499.3

# SUMMARY OF
# SPECIAL COUNSEL TO THE TRUSTEE'S FIFTH INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSE

Pursuant to LBR 2016-1(b), Goodsill Anderson Quinn & Stifel,

Special Counsel to the Trustee herein, submits this Summary Sheet of Fees and

Reimbursement of Expenses.

| Applicant: | Goodsill Anderson Quinn & Stifel |
|---|---|
| As: | Special Counsel to the Chapter 11 Trustee |
| Certifying Professional: | Walter C. Davison |
| Date Case Filed: | June 23, 2007 |
| Date Appointed: | March 6, 2008 (nunc pro tunc to February 13, 2008) |
| Pre-petition Retainer: | None |
| Post-petition Awards: | $428,698.79 |
| Post-petition Payments Received | $553,313.04 |
| Time Period of This Request: | May 1, 2009 – August 31, 2009 |
| Total Fee Award Requested for This Period (Including Hawaii excise tax): | $240,261.85 |
| Total Expense Reimbursement Award Requested for This Period: | $6,025.92 |

**REQUEST DETAILS:**

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| John R. Lacy | 2.9 | $445.00 | 1,290.50 |
| Bruce L. Lamon | 2.9 | $395.00 | 1,145.50 |

| | | | |
|---|---|---|---|
| Randall K. Steverson | 16.7 | $385.00 | 6,429.50 |
| Walter C. Davison | 235.7 | $335.00 | 78,959.50 |
| LindaLee K. Farm | 100.00 | $325.00 | 32,500.00 |
| Alan J. Fujimoto | 1.7 | $310.00 | 527.00 |
| Robert K. Fricke | 25.8 | $250.00 | 6,450.00 |
| Alicia G. Huffman | 12.8 | $235.00 | 3,008.00 |
| Ronald H.W. Lum, Jr. | 46.2 | $175.00 | 8.085.00 |
| Seth K. Weaver | 119.7 | $175.00 | 20,947.50 |
| Jessica M. Mickelsen | 409.6 | $160.00 | 65,536.00 |
| Brian P. Sheehy | 9.8 | $150.00 | 1,470.00 |
| Go R. Kobayashi | 1.5 | $155.00 | 232.50 |
| Lynn Lai Hipp | 2.1 | 160.00 | 336.00 |
| Joyce M. Allen | 24.2 | $145.00 | 3,509.00 |

The estate has sufficient funds to pay any allowance and award by this Court. Payment will be made upon the entry of the Order of the Court awarding the requested fees and costs.

As required by the Order Establishing Interim Compensation Procedures for Chapter 11 Trustee and Professionals (Docket No. 201) docketed by the Court on April 15, 2008, this Fifth Interim Fee Application is comprised of

four Fee Statements for the May, June, July and August 2009 periods.

**(a) Fifteenth Fee Statement for the Period of May 1 – 31, 2009**

| | |
|---|---|
| Total Fees: | $64,001.90 |
| Total Expenses: | 820.52 |
| Total Fees and Costs: | $64,822.42 |
| Amount of Holdback (10%): | $6,400.19 |

**(b) Sixteenth Fee Statement for the Period of June 1 - 30, 2009**

| | |
|---|---|
| Total Fees: | $52,236.15 |
| Total Expenses: | 351.18 |
| Total Fees and Costs: | $52,587.33 |
| Amount of Holdback (10%): | $5,223.61 |

**(c) Seventeenth Fee Statement for the Period of July 1 – 31, 2009**

| | |
|---|---|
| Total Fees: | $95,781.90 |
| Total Expenses: | 2,349.28 |
| Total Fees and Costs: | $98,131.18 |
| Amount of Holdback (10%): | $9,578.19 |

**(d) Eighteenth Fee Statement for the Period of August 1 - 31, 2009**

| | |
|---|---|
| Total Fees: | $28,241.86 |
| Total Expenses: | 2,504.94 |
| Total Fees and Costs: | $30,746.80 |
| Amount of Holdback (10%) | $2,824.19 |

DATED: Honolulu, Hawaii, _December 14_, 2009.

GOODSILL ANDERSON QUINN & STIFEL
A Limited Liability Law Partnership LLP

WALTER C. DAVISON
LINDALEE K. FARM
JESSICA M. MICKELSEN

SPECIAL COUNSEL TO THE CHAPTER 11
TRUSTEE

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

WALTER C. DAVISON          4909-0
    wdavison@goodsill.com
LINDALEE K. FARM           4514-0
    lfarm@goodsill.com
JESSICA M. MICKELSEN       8944-0
    jmickelsen@goodsill.com
1099 Alakea Street, Suite 1800
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Special Counsel to the Chapter 11 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LOTS WAKO, INC., a Hawaii corporation,<br><br>          Debtor. | CASE NO. 07-00741 RJF<br>(Chapter 11)<br><br><u>Hearing:</u><br>Date: January 19, 2010<br>Time: 9:30 a.m.<br>Judge: The Honorable Robert J. Faris |

## FIFTH INTERIM APPLICATION FOR ALLOWANCE
## AND PAYMENT OF COMPENSATIONI AND REIMBURSEMENT
## OF EXPENSES TO GOODSILL ANDERSON QUINN & STIFEL
## <u>AS SPECIAL COUNSEL FOR TRUSTEE</u>

Goodsill Anderson Quinn & Stifel (the "Applicant" or "Goodsill"),

pursuant to 11 U.S.C. § 330, Rule 2016(a), Fed. R. Bankr. P., LBR 2016-1(a), and

the *Order Establishing Interim Compensation Procedures for Chapter 11 Trustee*

2656499.3

*and Professionals* entered on the docket April 15, 2008 (Docket No. 201) (the "Compensation Order"), hereby submits its Fifth Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to Goodsill Anderson Quinn &Stifel as Special Counsel for Trustee (the "Application") for the period January 1, 2009 through April 30, 2009 (the "Application Period"). In support of this Application, the Applicant states:

## RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       On July 23, 2007 (the "Petition Date"), Lots Wako, Inc., a Hawaii corporation (the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code.

3.       The Trustee was appointed Chapter 11 Trustee of the Debtor, effective February 1, 2008, by Order Approving Appointment of Trustee entered herein January 17, 2008 (Docket No. 168).

4. The Trustee sought and obtained the approval of this Court to retain Goodsill Anderson Quinn & Stifel as Special Counsel ("Special Counsel") for litigation and other matters. By Order Granting Application to Employ Special Counsel under 11 U.S.C. § 327(e), Special Counsel was authorized to act as special counsel for the Trustee in this case effective February 13, 2008 (Docket No. 194).

5. On April 15, 2008, the Court entered the Compensation Order (Docket No. 201), establishing the procedures for the compensation and reimbursement of expenses for the Trustee and his Chapter 11 professionals.

6. The Applicant submits this Application, pursuant to sections 328, 330, 331 and 503(b) of the Bankruptcy Code, Rule 2016, Fed. R. Bankr. P., LBR 2016, the United States Department of Justice, Executive Office for the United States Trustee's Guidelines for Reviewing the Application for Compensation and Reimbursement of Expenses filed under U.S.C. § 330 (the "OUST Guidelines"), and this Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (the "Local Guidelines").

7. The Applicant requests its Fifth interim award of compensation and reimbursement of expenses incurred by the Applicant for services rendered as reflected in the Fee Statements served upon the parties in interest as provided in the Compensation Order as follows:

**(a) Fifteenth Fee Statement for the Period of May 1 – 31, 2009**

| | |
|---|---|
| Total Fees: | $64,001.90 |
| Total Expenses: | 820.52 |
| Total Fees and Costs: | $64,822.42 |

**(b) Sixteenth Fee Statement for the Period of June 1 - 30, 2009**

| | |
|---|---|
| Total Fees: | $52,236.15 |
| Total Expenses: | 351.18 |
| Total Fees and Costs: | $52,587.33 |

**(c) Seventeenth Fee Statement for the Period of July 1 – 31, 2009**

| | |
|---|---|
| Total Fees: | $95,781.90 |
| Total Expenses: | 2,349.28 |
| Total Fees and Costs: | $98,131.18 |

**(d) Eighteenth Fee Statement for the Period of August 1 - 31, 2009**

| | |
|---|---|
| Total Fees: | $28,241.86 |
| Total Expenses: | 2,504.94 |
| Total Fees and Costs: | $30,746.80 |

| | |
|---|---|
| Total Fees and Expense Award Requested | $246,287.73 |

Consistent with the Compensation Order, the Applicant filed and served each of the fee statements identified in the immediately preceding sentence. No objections to the compensation requested in each of the fee statements were filed or served, as reflected on the record by certifications filed August 17, 2009 (Docket No.467), October 27, 2009 (Docket No. 500), December 11, 2009, (Docket No. 525) and December 11, 2009 (Docket No. 526). As permitted by the Compensation Order, the Trustee has paid 90% of Applicant's fees and 100% of the expenses incurred by Applicant during the Application Period.

8. This request is the Applicant's Fifth interim application to the Court for compensation and reimbursement of expenses for services rendered as Trustee's Special Counsel. No understanding exists between the Applicant and any other person for the sharing of compensation sought by this Applicant.

In accordance with the Local Guidelines, the following exhibits that cover the Application Period are annexed to this Application:

| | |
|---|---|
| Exhibit "A": | Summary of Professional Time; |
| Exhibit "B": | Summary of Professional Time by Project; |
| Exhibit "C": | Summary and Breakdown of Requested Reimbursement of Expenses and Disbursements; |
| Exhibit "D": | Detailed Description of the Services Rendered and Expenses and Disbursements for the Period of each Fee Statement; and |
| Exhibit "E": | Summaries of Paraprofessional's Qualifications |

9. Goodsill attorneys have expended a total of 1,008.7 hours during the Application Period in rendering necessary and beneficial legal services to the Trustee. Exhibit "A" contains the hourly rates of the attorneys who performed legal services during the Application Period and a summary of time expended by the attorneys during the Application Period. Exhibit "B" contains a summary of time by project as required by, and in compliance with, the Local Guidelines. Exhibit "C" contains a summary of Applicant's total actual and necessary out-of-pocket expenses and disbursements, on behalf of the Trustee, for which Applicant seeks reimbursement in accordance with Section 330(a)(l)(B) of the Bankruptcy Code, the Bankruptcy Rules and the Local Guidelines. The expenses and disbursements summarized in Exhibit "C" are those that Applicant typically would invoice to its non-bankruptcy clients. Exhibit "D" contains: (i) a daily description of the services rendered and the hours expended by the attorneys who performed legal services on behalf of the Trustee during the Application Period; and (ii) a detailed schedule listing the expenses and disbursements for which Applicant seeks reimbursement. The Applicant has prepared Exhibit "D" based on, among other things, contemporaneous daily time records maintained by the attorneys who performed legal services on behalf of the Trustee during the Application Period. Pursuant to Item 5 of the Local Guidelines, attached as Exhibit "E" is a statement of the qualifications of the paralegal who performed

legal services on behalf of the Trustee during the Application Period.

## **BACKGROUND OF CASE**

10.     The sale of the Estate's single largest remaining real property

asset, a leasehold interest in a commercial office building located at 345 Queen

Street, Honolulu, Hawaii 96813 ("345 Queen Street" or the "Property"), closed on

May 27, 2009, generating net sale proceeds of $4,518,410.57.  The Estate also

holds various potentially meritorious claims against certain entities and

individuals.  As described in detail in the Trustee's Monthly Operating Reports

filed herein, the Trustee, his Counsel and Special Counsel, have been engaged

primarily in the following activities to date:

      a.     Leasing activities regarding tenants;

      b.     Assisting the Trustee in preparing the Property for marketing

and sale; and

      c.     Assisting the Trustee in investigating and analyzing claims,

preparing possible avoidance and other Trustee actions, and commencing several

such actions.

## INDEXING OF TASKS BY PROJECT

11.          As set forth in the Exhibits to this Application, the

Applicant has organized its time records by project in accordance with the Local

Guidelines.  Accordingly, each of the time entries has been indexed into the

projects listed below.

**PROJECTS:**
**General**
**Japan Insider Claims**
**Osamu Ieda Claims**
**Miho Ieda Claims**
**Kataoka Claims**
**Lawyer Claims**
**Sakai Claims**
**McCorriston Claims**
**UFJ Claims**
**KKLW Claims**
**Preferential Transfers**
**Lease Enforcement**
**Sale of 345 Queen Street**
**Leases**
**Litigation General**
**Giesbrecht Lease Delinquency**
**Teruya Lease Delinquency**
**Kataoka Foreclosure**
**Carroll Lease Delinquency**
**Takahashi Vasconcellos Lease Delinquency**

## IV.   DESCRIPTION OF SERVICES

12.   **General**

Special Counsel met with the Trustee, Trustee's counsel and the

counsel for UFJ Bank on May 29, 2009.  In early June, Special Counsel reviewed

and commented on the Trustee's motion to convert the case from a case under Chapter 11 to a case under Chapter 7. Special Counsel made arrangements for the duplication of selected Lots Wako, Inc. documents from McCorriston Miller Mukai MacKinnon, LLP. Special Counsel met with Trustee and Trustee's counsel to discuss the various issues surrounding retention of a new accounting consultant. Special Counsel conferred and met with the new accounting consultant regarding retention and prepared and submitted the application for employment. Special Counsel reviewed the organization of the documents from the 345 Queen Street building prior to sending copies to the consultant for his review and use in preparing reports for the Trustee.

13. **Japan Insider Claims**

Special Counsel met with the Trustee and General Counsel regarding the Japan Insider Claims and strategy going forward. Special Counsel has recommended action on the Estate's potential claims against Tomiyoshi Kataoka, Osamu Ieda and Miho Ieda. The Trustee preliminarily authorized Special Counsel to prepare complaints against these individuals and to recommend further action to the Trustee after assessing the draft complaints. As part of Special Counsel's preparation of complaints against Japan Insiders, Special Counsel had meetings and communications with the Estate's consultants regarding financial evidence and analysis. With their help, Special Counsel investigated and analyzed the

relationship of Biars Management Corporation to the Estate and the Japan Insiders. Special Counsel undertook preliminary investigations into asset and service issues in connection with the Japan Insiders.

Special Counsel specifically has undertaken the following service with regard to these persons:

(a) **Tomiyoshi Kataoka** – Special Counsel received a request for pay-off of the $90,000.00 mortgage from Tomiyoshi Kataoka escrow to Biars, Inc., a wholly owned subsidiary of Lots Wako, Inc. Trustee made demand for the principle amount of $90,000.00, a penalty fee of $250.00, interest from the March 1, 2009 due date and attorneys fees. A check in the amount of $93,516.15 was received on May 15, 2009 and deposited in to the Trustee's checking account that day. Special Counsel collected facts and investigated law to prepare a draft complaint for the Trustee's review and analysis. On July 21, 2009, Special Counsel filed a Complaint commencing an Adversary Proceeding pending as Brooks v. Kataoka, Adv. Pro. No. 09-90035, seeking, among other relief, recovery of $692,969.35.

(b) **Osamu Ieda** – Special Counsel collected facts and investigated law to prepare a draft complaint for the Trustee's review and analysis. On July 21, 2009, Special Counsel prepared and filed a Complaint commencing an Adversary Proceeding pending as Brooks v. Osamu Ieda, Adv. Pro. No. 09-90037,

seeking, among other relief, recovery of $1,461,806.90.

       (c)    **Miho Ieda** – Special Counsel collected facts and investigated law to prepare a draft complaint for the Trustee's review and analysis. On July 21, 2009, Special Counsel prepared and filed a Complaint commencing an Adversary Proceeding pending as <u>Brooks v. Miho Ieda</u>, Adv. Pro. No. 09-90036, seeking, among other relief, recovery of $610,395.12.

      14.    **<u>Law Firm Claims</u>**

       Special Counsel reviewed checking account statements, tax returns, financial statements and invoices and coordinated analysis with the Estate's consultants.

       (a)    **Sakai Iwanaga Sutton Law Group** – The Trustee researched and responded with a counterproposal to a settlement proposal letter from Defendant. On July 7, 2009, Special Counsel received a counter-settlement offer. On July 9, 2009, Special Counsel drafted and served a Request for Admissions on Defendant's counsel. Special Counsel and the Trustee reviewed and prepared a counter-settlement proposal and reviewed and served a request for admissions upon the Defendant. Special Counsel received discovery responses from Defendant. Special Counsel answered Defendant's settlement letter.

       (b)    **McCorriston Mukai Miller MacKinnon, LLP** – Special Counsel collected facts and researched the law regarding a tentative draft

complaint for the Trustee's review as part of the Trustee's decisionmaking process. Special Counsel met and communicated with the Trustee and his counsel regarding the facts, law and complaint. Special Counsel collected further facts and investigated applicable law and causes of action and further met and communicated with the Trustee and his counsel regarding development of the complaint and the advisability of filing the same. Special Counsel undertook an internal process of review and revisions prior to the Trustee's and his counsel's final presentation and review. After the Trustee's final analysis and approval, Special Counsel finalized and filed the Complaint, commencing an Adversary Proceeding pending as Brooks v. McCorriston, Miller, Mukai, MacKinnon, LLP, Adv. Pro. No. 09-90038, seeking, among other relief, recovery of $966,187.00. Special Counsel communicated with Defendant's counsel and agreed to extend the time for Defendant to answer the Complaint and other deadlines. Special Counsel considered alternatives to litigation. Special Counsel reviewed documents in connection with the litigation and communicated with the Trustee and Trustee's counsel regarding the litigation.

15. **UFJ Claims**

Trustee's Special Counsel has assisted the Trustee in investigating these claims. Special Counsel has reviewed pleadings in connection with the history of the litigation resulting in the UFJ pleadings and discussed the results of

this review with the Trustee. The Trustee has requested follow-up on these issues.

16. **Lease Enforcement**

Special Counsel assisted the Trustee in review and analysis of lease defaults and delinquencies and in developing legal strategies to enforce the Estate's legal rights.

(a) **Giesbrecht Lease Delinquency** – Special Counsel drafted and mailed a demand letter to Mr. Wayne Giesbrecht for outstanding amounts owed on his lease. Special Counsel prepared and filed a Complaint against Mr. Giesbrecht in the First Circuit District Court and prepared and filed a Motion for Summary Judgment. An order granting Trustee's Motion for Summary Judgment as to liability was filed on June 22, 2009. On June 30, 2009, Mr. Giesbrecht's attorney filed a motion to withdraw as counsel, specifically citing Mr. Giesbrecht's unresponsiveness in the declaration. Neither Mr. Giesbrecht nor a representative of Mr. Giesbrecht's made an appearance at a pretrial conference. Special Counsel prepared a motion for default judgment.

(b) **Teruya Lease Delinquency** – Special Counsel drafted and mailed a demand letter to Ms. Teruya. After Ms. Teruya did not respond to the demand letter, Special Counsel drafted and filed a Complaint against Ms. Teruya in the First Circuit Court. Ms. Teruya did not answer the Complaint. On July 29, 2009, Ms. Teruya's attorney called and offered to pay the amounts owed to the

Trustee by way of a sale of property that Ms. Teruya owned in Hawaii. Special Counsel drafted and mailed a demand letter to First American Corp. escrow company for full payoff of sums that Ms. Teruya owed from the sale of real property she was selling. In August, Special Counsel received notice from the escrow company that Ms. Teruya had not made provision for payment of the Trustee from the proceeds of the sale of the property. Special Counsel drafted and filed a motion for default judgment.

(c) **Carroll Lease Delinquency** – Special Counsel drafted and mailed a demand letter to Mr. Carroll. Mr. Carroll subsequently contacted Special Counsel requesting an extension to pay the full amount outstanding, which Special Counsel granted.

(d) **Takahashi Lease Delinquency** – Special Counsel drafted and mailed a demand letter to Takahashi Masui Vasconcellos & Covert.

17. **Sale of 345 Queen Street** – Special Counsel met with the Trustee and Trustee's counsel regarding the Closing Checklist, outstanding items and closing timing, issues and procedures, security deposits, execution of closing documents by Buyer, and other closing matters.

18. **Leases** – Special Counsel coordinated with the Trustee and the leasing agent regarding 345 Queen Street's Buyer's completion of a new lease.

19.  **Litigation General** – On May 27, 2009, Special Counsel met with the Trustee and Trustee's counsel regarding claim objection issues and the status of various litigation matters and strategy.  On June 30, 2009, Special Counsel met further with the Trustee and Trustee's counsel to discuss the status of the litigation matters and going forward plans.  Special Counsel met with the Trustee's accounting consultant regarding its financial analysis regarding the various transactions for Lots Wako, Inc. and its affiliates.

20.  Services were not rendered under the following projects:

    (a)    KKLW Claims

    (b)    Preferential Transfers

    (c)    Kataoka Foreclosure

## V.  EVALUATION OF SERVICES RENDERED

21.  This Application has presented the nature and extent of the professional services the Applicant has rendered in connection with Applicant's representation of the Trustee as Special Counsel for which the Applicant seeks compensation.  The recitals set forth in the billing statements attached hereto reflect the details and full range of services the Applicant rendered and the complexity of the issues in connection with the case.

22.    Section 331 of the Bankruptcy Code provides:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

Section 330(a)(3) of the Bankruptcy Code provides:

In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on

the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Finally, §330(a)(5) provides that:

The court shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331, and, if the amount of such interim compensation exceeds the amount of compensation awarded under this section, may order the return of the excess to the estate.

23.    In this case, the Debtor's schedules reflect assets valued at almost $13 million. The residence already has been sold and generated net proceeds to the Estate in the approximate amount of $1 million, and the sale of the Property, which is expected to be free and clear of liens and encumbrances, will generate additional net proceeds.

24.    As to Applicant's compensation request, the primary method used to determine reasonable attorneys' fees is to multiply the number of hours expended by an hourly rate. Southwestern Media, Inc. v. Rau, 708 F.2d 419, 427 (9th Cir. 1983). A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee. Clark v. City of Los Angeles, 803 F.2d 987, 990 (9th Cir. 1986). As set forth in detail below, Goodsill attorneys' hourly rates and the hours they expended are both reasonable. In addition, in analyzing the reasonableness of professional fees under 11 U.S.C. § 330, several courts within

client; and

L.    Awards in similar cases.

Kerr, 526 F.2d at 70.

25.    Based on the standards set forth in Section 330 of the

Bankruptcy Code and the relevant decisional law, Applicant believes that the fair

and reasonable value of its services rendered during the period covered by this

Application is the total amount of $240,261.85 in fees, plus expenses of $6,025.92,

for a total of $246,287.73.

### A.    Time, Nature and Extent of Services Rendered, and Results Obtained

The foregoing summary, together with the Exhibits attached hereto,

detail the time, nature and extent of the professional services of Applicant rendered

for the benefit of the Trustee during the period that this Application covered.  The

total number of hours expended, 1,008.7, reveal the extensive time that Applicant

has devoted to this matter on a spectrum of legal issues that have arisen in this case

during the period that this Application covered.

### B.    Novelty and Difficulty of Questions Presented

The issues that have arisen in this case during the period that this

Application encompassed have demanded a high level of skill.  Applicant spent

considerable time preparing for all of the meetings, as well as reviewing or drafting

related pleadings and reports.

**C.    Skill Requisite to Perform Services Properly**

In rendering services to the Trustee, Applicant demonstrated substantial legal skill and expertise in the areas of bankruptcy, asset analysis and recovery, litigation, commercial transactions and negotiations.

**D.    Preclusion from Other Employment by Attorney due to Acceptance of Case**

Applicant has devoted substantial time as Special Counsel to the Trustee as more fully appears in the Exhibits to this Application.  Applicant is aware of no other specific employment that was precluded as a result of its accepting this case, but had Applicant not accepted this appointment, the time spent in this case would have been spent on other matters that would pay an hourly compensation on a current basis.

**E.    Customary Fee**

The hourly rates of Goodsill attorneys, as set forth in Exhibits A and B, reflect the hourly rate Goodsill attorneys bill to their clients in other bankruptcy and commercial cases in which client payment is made on a frequent, periodic basis.  This Court has approved this hourly rate in cases in which Applicant and other counsel of like reputation and experience have been involved.  The hourly rate charged by Goodsill attorneys during the Application Period is listed on

listed on Exhibit "A" attached hereto.

Goodsill attorneys' hourly rates are derived from a careful and thorough analysis of its internal costs, fees charged by other attorneys in the same practice and geographic areas and the experience of Goodsill attorneys. Goodsill attorneys' rates include a reasonable profit margin so long as external costs associated with a particular engagement are likewise billable and collectable.

### F.     Whether Fee is Fixed or Contingent

Applicant's compensation in this matter is subject to approval of the Court and therefore contingent. The Court should consider this factor, which militates in favor of a fee award in the amount requested. The amount requested is consistent with the fee that Applicant would charge its clients in other non-contingent bankruptcy and commercial cases.

### G.     Time Limitations Imposed by Client or Other Circumstances

The circumstances of this case occasionally imposed time constraints on Applicant.

### H.     Experience, Reputation and Ability of Attorneys

Applicant is experienced in matters of this kind. Applicant enjoys a reputation for competence and has demonstrated substantial ability in the fields of bankruptcy, state court receiverships and foreclosures, creditors' rights, and

commercial litigation.

### I.    Undesirability of Case

This case is desirable.  Applicant is privileged to have the opportunity to represent the Trustee and to appear before this Court in this case.

### J.    Nature and Length of Professional Relationship with Client

Applicant has had the privilege of working with the Trustee in other matters such as state foreclosure and judgment enforcement receivership proceedings prior to its retention as Special Counsel.

### K.    Awards in Similar Cases

The amount that Applicant requests is reasonable in terms of awards in cases of similar magnitude and complexity.  The compensation that Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community.

### CONCLUSION

**WHEREFORE**, the Applicant respectfully requests the Court to enter an order awarding the Applicant: (i) $240,261.85 in fees (including excise tax) and $6,025.92 in costs, as reasonable compensation during the Application Period; (ii) authorizing Applicant to receive payment of that portion of the fees

from the Fee Statements (10%) held back during the Application Period in the amount of $24,026.18 (included in the total request); and (iii) granting such other and further relief as the Court deems appropriate. The Applicant also requests relief from the 10-day stay of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

DATED: Honolulu, Hawaii, _December 14_, 2009.

GOODSILL ANDERSON QUINN & STIFEL
A Limited Liability Law Partnership LLP


WALTER C. DAVISON
ROBERT K. FRICKE
JESSICA M. MICKELSEN

SPECIAL COUNSEL TO THE CHAPTER 11 TRUSTEE

# CERTIFICATION

1.     I am the professional with responsibility in this case for compliance with the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees pursuant to LBR 2016-1(a) for the District of Hawaii (the "Local Guidelines").

2.     The Applicant's Fifth application for compensation and reimbursement of expenses (the "Application") has been reviewed and the amounts requested have been approved by the Chapter 11 Trustee, the party on whose behalf the Applicant is employed.

3.     I have read the Applicant's Application.  The Application complies with the Local Guidelines, and the fees and expenses sought fall within the Local Guidelines, except as specifically noted in this certification and described in the Application.

4.     The fees and expenses sought are billed at rates and in accordance with practices that the Applicant customarily employs and that the Applicant's clients generally accept.

5.     In seeking reimbursement for its expenditures, the Applicant is seeking reimbursement for the actual expenditure only, and it has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant

has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates that the Local Guideline permit).

6.    In seeking reimbursement for any service that a third-party provided, the Applicant is seeking reimbursement for the amount that the Applicant paid to the third party only.

7.    Beginning in January 2009, the Firm increased the hourly rate of Randall K. Steverson to $385.00 from $375.00 and increased the hourly rate of Walter C. Davison to $335.00 from $325.00. This is a routine annual increase in hourly rate and reflects the customary compensation that these attorneys charged in cases other than cases under Title 11.

DATED: Honolulu, Hawaii, December 14, 2009.

GOODSILL ANDERSON QUINN & STIFEL
A Limited Liability Law Partnership LLP

*Jessica M. Mickelsen*

JESSICA M. MICKELSEN

SPECIAL COUNSEL TO THE CHAPTER 11
TRUSTEE, WENDELL F. BROOKS, JR.